THOMAS L. STAPLETON, Respondent, v WESTIN HOTEL COMPANY (NEW YORK), INC., et al., Appellants.—

The defendants moved to preclude the plaintiff from introducing at trial any evidence that the decedent committed suicide. This motion was made on the ground that the plaintiff had failed to respond to this question in his bill of particulars. Moreover, the defendants sought to strike the case from the Trial Calendar since discovery was still in progress. The plaintiff subsequently defaulted on the motions, but after rehearing, the court vacated the order of preclusion and restored the case to the Trial Calendar.

The defendants contend that the motion court erred because the plaintiff failed to include an affidavit of merit with his motion and failed to respond to their discovery request. They also claim that the court's ruling was improper because discovery was still in progress. However, we find that the motion court properly vacated the orders granted on default and restored the motion to the calendar.

A court, in its discretion, may vacate a default order where, as here, a valid excuse was offered for the default and the delay was minimal. Further, although the plaintiff did not submit an affidavit of merit, the complaint in the action is verified and accordingly, may be used as an affidavit. (CPLR 105 [t].) The record shows that discovery had been completed before the note of issue and the certificate of readiness were filed with the court. Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Ellerin, JJ.